IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CHERYL G. CLEVELAND, | : |
| Plaintiff, | : |
| vs. | : Civil Action No. |
| | : **1:05-CV-51 (WLS)** |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits on June 3, 2002; the applications were denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on March 31, 2004. The ALJ denied plaintiff's claim in a decision dated July 6, 2004. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person

would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age,

education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of residual of a left wrist fracture, fibromyalgia, history of stroke, hypertension, bursitis, and occasional nose bleeds, but that she retained the residual functional capacity to perform a wide range of light work, including her past relevant work as an office worker and makeup artist.

Plaintiff contends that there exists a discrepancy between the testimony of the vocational expert who testified in this case and the Dictionary of Occupational Titles (DOT) that was not adequately explained by the ALJ, and therefore the ALJ's decision was not based upon substantial evidence.  Plaintiff contends that the vocational expert testified that her opinion was consistent with the Dictionary of Occupational Titles, when in fact it was not.

Plaintiff argues that the position description in the DOT for the position of office helper, DOT #239.567-010, is inconsistent with plaintiff's description of her duties in her past relevant job as a delivery driver for a dental lab.

The vocational expert testified that "there is going to be some variance with the DOT because it appears she did some combination jobs when she was working." (Tr. 318).  At the end of her testimony, the vocational expert stated that other than where she had specified, her testimony was consistent with the DOT.  (Tr. 324).

The vocational expert stated that " [t]he runner position that she had with the dental lab, the closest thing they have is someone who delivers financial statements and, and similar things like that.  She did do some clerical work in that job it sounded like, the material delivered which would be different." (Tr. 320).  The vocational expert then identified the job number in the DOT.

Social Security Ruling 00-4p, explains that a vocational expert may be able to provide more specific information about jobs or occupations than the DOT. The ruling also provides that occupational evidence provided by a vocational expert generally should be consistent with the occupational information provided by the DOT. However, the ruling notes that the vocational expert must provide a reasonable explanation for any inconsistency. One basis for a reasonable explanation could be the vocational expert's own experience in job placement and career counseling.

There is no error here, as the vocational expert clearly stated that the job description given by plaintiff differed from that offered in the DOT, and explained the difference.

Plaintiff also points out that the description of office helper and makeup artist contained in the DOT require frequent handling, fingering, and/or feeling, but the vocational expert testified that plaintiff could perform these positions if she could only occasionally handle, finger, and/or feel with the left hand. (Tr. 320-321).

The vocational expert offered an explanation in the difference, explaining that "[t]ypically, in my experience with them [office helpers and makeup artists]...they use the dominant hand." (Tr. 321). As plaintiff is right-hand dominant, the vocational expert testified that plaintiff could perform the jobs if she could only occasionally use or left, or non-dominant, hand for handling, fingering, and feeling, but where she could frequently use her right dominant hand for handling, fingering, and feeling. (Tr. 320-322).

Plaintiff is correct in pointing out SSR 00-4p states that when vocational evidence provided by a vocational expert is inconsistent with the information contained in the DOT, the adjudicator must resolve this conflict before relying on the evidence provided by the vocational expert, and

4

will explain in the decision how he or she resolved the conflict. In the ALJ's decision in this case, the ALJ stated that the vocational expert "testified that a person with claimant's residual functional capacity could perform her past relevant work as a runner for a dental lab and makeup artist as she previously performed the jobs and as they are generally performed in the national economy." (Tr. 19-19A).

The ALJ here fully developed the record and inquired into the discrepancies between the testimony of the vocational expert and the DOT. However, the ALJ did not explain in his decision the discrepancies and why he decided to follow the testimony of the vocational expert rather than the DOT. It is the duty of the ALJ to determine the conflicts in the evidence. Clearly, the ALJ here found the testimony of the vocational expert persuasive, as he was entitled to do in resolving the conflicts in the record. The question becomes whether remand is appropriate for a purely technical exercise for the ALJ to so state in his decision.

The ALJ found that plaintiff could perform a wide range of light work, including her past relevant work. In support of this, the ALJ not only relied upon the testimony of the vocational expert, but also other evidence of record, including plaintiff's admitted daily activities, which included gardening for three hours per day, and assisting her fiancé with his dog-sitting business. (Tr. 18-19A). Additionally, the ALJ considered plaintiff's activities of daily living ( See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (plaintiff's daily activities are relevant factors considered in evaluating subjective symptoms such as pain); Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987)).

However, when an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will

stand. Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir.1983). Remand is a "wasteful corrective exercise" when no further findings could be made that would alter the ALJ's decision given the record as a whole. Ware v. Schwieker, 651 F.2d 408, 412 (5th Cir. 1981). The undersigned finds that remand in this case to correct a technicality would be a wasteful exercise given the record as a whole and the obvious fact that the ALJ adopted the vocational expert's testimony after hearing a full and detailed explanation from her as to why her testimony deviated from the descriptions in the DOT.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 24th day of August, 2006.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd